

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*   *(203)821-3700*
*157 Church Street, 25ᵗʰ Floor*   *Fax (203) 773-5376*
*New Haven, Connecticut 06510*   *www.justice.gov/usao/ct*

January 23, 2023

James Maguire, Esq.
Federal Defenders
265 Church Street, Suite 702
New Haven, CT 06510-7005

   Re: United States v. Eriks Mamonovs
     Case No. 3:22-cr-00110 (VAB)

Dear Attorney Maguire:

  This letter confirms the plea agreement between your client, Eriks Mamonovs (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

  In consideration for the benefits offered under this agreement, Mr. Mamonovs agrees to plead guilty to a Count Two of the Superseding Indictment charging a violation of the Export Control Reform Act ("ECRA"), 50 U.S.C. § 4819.

  The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant knowingly exported or caused to be exported an item or service subject to the export control regulations;
2. A license was required from the licensing agency for the defendant's export;
3. The defendant did so without first obtaining a license from the licensing agency; and
4. The defendant acted "willfully."

## THE PENALTIES

### Imprisonment
This offense carries a maximum penalty of 20 years of imprisonment.

James Maguire, *Esq.*
*Page 2*

<u>Supervised Release</u>

In addition, the Court may impose a term of supervised release of not more than 3 years to begin after any term of imprisonment. 18 U.S.C. § 3583

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 2 years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

<u>Fine</u>

This offense carries a maximum fine of $1,000,000. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $1,000,000.

<u>Special Assessment</u>

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

**<u>THE SENTENCING GUIDELINES</u>**

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

James Maguire, *Esq.*
*Page 3*

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2M5.1(a)(1) is 26. Four levels are subtracted under U.S.S.G. § 3B1.2(a) because the defendant was a minimal participant in the criminal activity.   Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 19.

James Maguire, *Esq.*
Page 4

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level of 19, assuming placement in Criminal History Category I, would result in a Guidelines range of 30 to 37 months of imprisonment (sentencing table) and a fine range of $10,000 to $ 100,000 (U.S.S.G. § 5E1.2(c)(3)). The defendant also is subject to a supervised release term of 1 year to 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## **WAIVER OF RIGHTS**

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

<u>Waiver of Trial Rights and Consequences of Guilty Plea</u>

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right

James Maguire, *Esq.*
Page 5

to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

<u>Waiver of Extradition</u>

Should the Court accept the defendant's guilty plea, the Government will not object to his release pending sentencing. Furthermore, because the defendant lacks legal status in the United States, the Government will not object to the defendant's return to Latvia pending sentencing before this Court. In exchange for this concession, the defendant, Eriks Mamonovs, agrees to waive extradition from Latvia or any other country outside of the United States to the United States in order to effectuate his presence at the scheduled sentencing or any other proceeding scheduled by the Court.

<u>Waiver of Statute of Limitations</u>

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

<u>Waiver of Right to Challenge Conviction</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Right to Appeal or Collaterally Attack Sentence</u>

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the

James Maguire, *Esq.*
*Page 6*

defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 37 months of imprisonment, 3 years of supervised release, a $ 100 special assessment, and a $100,000 fine even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

**ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his

James Maguire, *Esq.*
*Page 7*

undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the conduct which forms the basis of the Superseding Indictment in this case. After sentencing, the Government will move to dismiss counts ~~Two~~ one and three through Five of the Superseding Indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence. *JDM av E.M.*

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

James Maguire, *Esq.*
*Page 8*

**NO OTHER PROMISES**

  The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

  This letter shall be presented to the Court, in open court, and filed in this case.


      Very truly yours,

      VANESSA ROBERTS AVERY
      UNITED STATES ATTORNEY


      RAHUL KALE
      ASSISTANT UNITED STATES ATTORNEY


  The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____  _1/23/2023_
ERIKS MAMONOVS       Date
The Defendant

  I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____  _1/23/23_
JAMES MAGUIRE, ESQ.     Date
Attorney for the Defendant

James Maguire, *Esq.*
Page 9

### STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant, Eriks Mamonovs and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Counts One of the Indictment:

1. In or about 2017, a co-defendant was the actual owner and beneficiary of CNC Weld, a company in Latvia. That co-defendant asked Mamonovs to be the Director of CNC Weld. Mamonovs accepted the position.

2. Mamonovs knew, through subsequent actions of the co-defendant and his own lack of actual control over CNC Weld's corporate affairs to include administration and solicitation of clients, that his co-defendant controlled CNC Weld.

3. Beginning at least as early as 2018 and continuing until as late as April 27, 2022, in the District of Connecticut and elsewhere, CNC Weld, knowingly entered into and engaged in a combination and conspiracy to willfully cause to be exported and reexported from the United States to Russia a Moore 500 Series CPWZ Precision Jig Grinder (hereinafter the "Jig Grinder"), knowing that such export and reexport to Russia was contrary to the laws and regulations of the United States.

4. Mamonovs knew that CNC Weld's annual gross revenues were approximately €1,000,000 or less. Mamonovs also knew that CNC Weld had never made a purchase of the financial size and scope of the Jig Grinder and that CNC Weld and its employees had no prior knowledge of the use of a Jig Grinder.

5. The Jig Grinder is a high-precision grinding machine system that is controlled by means of a computer, and it is capable of generating a wide variety of ground holes, contours and surfaces through the combined motion of multiple programmable axes. It is manufactured and sold by a U.S. corporation with offices in the District of Connecticut.

6. The Jig Grinder is subject to the Export Administration Regulations ("EAR"), is on the Commerce Control List, and is classified by Export Control Classification Number ("ECCN") 2B201.c. for nuclear nonproliferation reasons. The Jig Grinder does not require a license from the U.S. Department of Commerce for export to Latvia, but does require a license from the U.S. Department of Commerce for export and reexport to Russia.

7. On April 26, 2019, Mamonovs, as Director of CNC Weld, signed letters that were to be submitted to the United States Department of Commerce stating that the ultimate destination for the Jig Grinder was Riga, Latvia and that the Jig Grinder would not be resold.

8. On December 6, 2019, Mamonovs, on behalf of CNC Weld, transmitted an electronic communication to the manufacturer of the Jig Grinder. Attached to this communication was a letter Mamonovs had signed on December 4, 2019, stating that CNC Weld was unable to proceed with the purchase of the Jig Grinder because the Jig Grinder could not

James Maguire, *Esq.*
*Page 10*

        fit in CNC Weld's plant and that CNC Weld therefore was transferring its right to sell the Jig Grinder to Sapphire Universal, LLP.

9. Mamonovs agrees that he knew or should have known that his co-defendant, who had negotiated the ostensible purchase of the Jig Grinder for CNC Weld, never intended for CNC Weld to purchase the Jig Grinder.

10. Even before Mamonovs signed the contract, on or about April 11, 2019, an Estonian company had sold the Jig Grinder to a Russian company for € 1,400,000 (approximately USD $1,548,292), which is nearly double the purchase price for the Jig Grinder that CNC Weld had agreed to by contract.

11. Mamonovs agrees that he should have known that CNC Weld was never to receive or use the Jig Grinder.

This written stipulation are part of the plea agreement. The Government and the defendant reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____

ERIKS MAMONOVS
The Defendant

 

RAHUL KALE
ASSISTANT U.S. ATTORNEY

_____

JAMES MAGUIRE, ESQ.
Attorney for the Defendant

1/23/23

Date